**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEBORAH LEWIS,
The Estate of Cawlena English
on behalf of Cawlena English,                    Case No. 1:23-cv-340

             Plaintiff,                          Hopkins, J.
                                                 Bowman, M.J.
      v.


JUDGE RALPH E. WINKLER,
Hamilton County Probate Division, et al.,

             Defendants.


**REPORT AND RECOMMENDATION**

On June 2, 2023, Plaintiff Deborah Lewis, for herself and on behalf of the Estate
of Cawlena English, moved for leave to file a complaint in this Court *in forma pauperis*, or
without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of
the proposed complaint. (Doc. 1-1). Plaintiff identifies two Defendants, both of whom are
Ohio state court judicial officers assigned to the Hamilton County Probate Division: (1)
Judge Ralph E. Winkler; and (2) Magistrate Karen Rosen.

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in
forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the
Court for a sua sponte review to determine whether the complaint, or any portion of it,
should be dismissed because it is frivolous, malicious, fails to state a claim upon which
relief may be granted or seeks monetary relief from a defendant who is immune from such
relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and

2

*Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Allegations Of Complaint

Plaintiff has captioned her complaint: "Public Corruption Complaint." (Doc. 1-1 at 5, PageID 8). Immediately underneath that title, she has written: "Request for an Emergency Stay of Decision and Probate proceeding." (*Id*.)

The body of the complaint alleges that "Judge Ralph Winkler is depriving myself (Beneficiary of the Estate of Cawlena English) of my right to be heard, (Due process), right of a Beneficiary to receive notices of scheduled status hearings or conferences regarding the Estate of Cawlena English." (*Id*.) Plaintiff further alleges that Judge Winkler "is failing to comply with State and Local probate intestate Rules by making unsound decisions to transfer the titles of real estate or decedent's real properties into the

Beneficiaries' names until the real estate properties are sold on the market and proceeds are distributes [sic] to the Beneficiaries or heirs." (*Id*.)

Plaintiff complains that Judge Winkler has wrongfully approved "overpayments and excessive reimbursements of attorney fees to the Guardian ad Litem, Jennifer Curtis[,], Attorney Thomas Sauter and Steve Halper" and that as a result, "the estate will become Insolvent." (*Id*. at 6, PageID 9). She alleges that Judge Winkler's future decisions "will lead to a messy, chaotic, situation, inter fighting, [theft] of the decedent's personal property and will leave all the [decedent's] personal and real property, unprotected and unsecured. (*Id*.) Plaintiff alleges that she is "the former POA of the decedent," and states (without elaboration) that Judge Winkler's decisions place her "safety [at] risk and in jeopardy." (*Id*.) She seeks "an immediate[] stay of the probate decisions and proceedings" pending the outcome of her federal case. She concludes that "Judge Winkler and Magistrate Rosen are taking this drastic action to prevent me from purchasing our childhood home and mother's Betts Ave[.] property to keep our home in our family for future generations." (*Id*.)

### III. Analysis of Claims

Plaintiff's complaint is legally frivolous under the standards of 28 U.S.C. §1915(e)(2), because it contains insufficient factual content to state any plausible legal claim, and seeks relief against Defendants who are absolutely immune from suit. Additionally, this Court has no jurisdiction over state court probate proceedings or decisions made in those proceedings.

### A. Failure to State a Claim and Judicial Immunity

Plaintiff's allegations contain insufficient factual detail  to state any plausible claim against either of the named Defendants. The handful of allegations against Judge Winkler lack dates or other relevant detail and generally are of "the-defendant-unlawfully-harmed-me" variety. Additionally, other than the identification of Magistrate Rosen as a Defendant, she fails to include *any* allegations against that Defendant. To the extent that the caption of the complaint suggests that one or both Defendants has violated the "Federal Corruptions Statute (DiBlagio)," (Doc. 1-1 at 5, PageID 8), Plaintiff's failure to provide any other citation or to articulate facts that would support a violation of federal law is insufficient to state any viable claim.

More importantly, the only individuals that Plaintiff has named as Defendants are state court judicial officers. The undersigned reads Plaintiff's complaint as a direct challenge to the judicial decisions that Judge Winkler either has made or is about to make in a state court probate case over which he presides. Plaintiff's suit is barred by the doctrine of judicial immunity, which applies to both Defendants for actions taken while functioning within their judicial capacities. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barrett v. Harrington*, 130 F3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Here, Plaintiff has alleged no facts indicating that either Judge

Winkler or Magistrate Rosen has acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, both Defendants are absolutely immune from civil liability and all claims against them should be dismissed.

### B. A Lack of Federal Jurisdiction

As courts of limited jurisdiction, federal courts have both the ability and obligation to examine whether subject matter jurisdiction exists, and must dismiss if "at any time" they determine that jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Hayes v. Shelby Cty. Tr.*, 971 F. Supp. 2d 717, 725-26 (W.D. Tenn. 2013) (collecting cases). Plaintiff asserts the existence of federal question jurisdiction, but fails to identify any basis for such jurisdiction apart from a single allegation (without further citation) that implies the Defendants are violating the "Federal Corruptions Statute (DiBlagio)." (Doc. 1-1 at 5, PageID 8). Such a vague and conclusory allegation is not enough to support federal question jurisdiction.[1]

Plaintiff's complaint also should be dismissed because this Court has no jurisdiction over the "Estate of Cawlena English."[2] The subject matter of Plaintiff's complaint appears to focus on the state court's disposition of real estate held by the referenced estate. "It is well-settled that 'a federal court has no jurisdiction to probate a will or administer an estate....'" *Wisecarver v. Moore,* 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen,* 326 U.S. 490, 494 (1946)). "Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the

---

[1]Plaintiff makes no claim of diversity jurisdiction of this Court under 28 U.S.C. § 1332(a), but even if she had, the face of the complaint reveals that the citizenship of Plaintiff is not diverse from that of Defendants.
[2]Plaintiff appears to be asserting interests on behalf of the Estate as a second named Plaintiff. As a pro se plaintiff, she is barred from appearing on behalf of any other litigant, whether a person or entity, including an estate when the estate has other beneficiaries or creditors. The only exception to that bar is when the plaintiff is the *sole* beneficiary of an estate without creditors. *See Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015). Plaintiff's complaint refers to multiple beneficiaries.

administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall,* 547 U.S. 293, 296 (2006).

Additionally, to the extent that this lawsuit is construed as an appeal of Judge Winkler's orders in the probate case, the *Rooker-Feldman* doctrine bars direct review. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 148 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). In the alternative, even if a reviewing court were to disagree with the undersigned and conclude that this Court somehow has jurisdiction, it would be required to abstain if any dispute remains ongoing in state court. *See Younger v. Harris,* 401 U.S. 37 (1971).

### C. Dismissal With or Without Prejudice, under § 1915(e)(2) or Rule 12

As discussed above, 28 U.S.C. 1915(e)(2) permits sua sponte screening and dismissal of a civil action "at any time if the court determines that" the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief" from an immune defendant. *Id*. The undersigned concludes that sua sponte dismissal is appropriate because the complaint fails to state a plausible claim and is thus legally frivolous, because the two named Defendants are absolutely immune from suit, and because this Court lacks jurisdiction.

However, a question arises as to whether dismissal for lack of jurisdiction falls under 28 U.S.C. § 1915(e)(2)(B). Because § 1915(e)(2) does not *expressly* refer to screening for subject matter jurisdiction, some courts have questioned the authority of courts to dismiss on that basis under the screening statute,[3] rather than Federal Rules of

---

[3]Still, a finding that a case is "frivolous or malicious" or fails to state a claim on which relief may be granted under § 1915(e)(2)(B) can be legally equivalent to a determination that the court lacks jurisdiction.

Civil Procedure 12(b)(1) and 12(h)(3). In *Howard v. Good Samaritan Hosp.*, Case No. 1:21-cv-160, 2022 WL 92462 (S.D. Ohio Jan. 10, 2022), U.S. District Judge Douglas R. Cole discussed this issue at length while acknowledging that the "vast majority of case law appears to agree… that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction." *Id.* at *2 (collecting cases).

A second related question is whether the recommended dismissal should be with or without prejudice. A dismissal "with prejudice" is an adjudication on the merits of the claims presented, but a dismissal "without prejudice" does not have the same preclusive effect in all cases.[4] When a case is legally frivolous under 28 U.S.C. §1915(e)(2), courts often dismiss with prejudice. *Accord Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) ("[D]ismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice."). But there is no universal rule, and federal courts may enter dismissals under § 1915(e) without prejudice for a variety of reasons. *See, e.g.*, *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1726 (2020) (pointing out that "courts can and sometimes do conclude that frivolous actions are not 'irremediably defective,' and thus dismiss them without prejudice"); *Fernbach v. Hamilton Cnty. Ohio*, Case No. 1:22-cv-644-MRB-SKB, 2023 WL 1859826, at *6 (S.D. Ohio, Feb. 9, 2023), R&R adopted at 2023 WL 2306729 (S.D. Ohio March 1, 2023) (dismissing most legally frivolous claims with prejudice, but dismissing without prejudice more limited claims under *Younger* abstention). Similarly, courts often dismiss for failure to state a claim under §1915(e)(2)(B) with prejudice, but may elect to dismiss without prejudice if a

---

[4]*But see Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1726 (2020)(holding that any dismissal under 1915(e) counts as a "strike" against a prisoner for purposes of 28 U.S.C.§ 1915(g), whether the prior dismissal was with or without prejudice).

plausible future claim could be stated. *See, e.g.*, *Suber v. Maus*, Case No. 1:18-cv-143-SJD-SKB, 2018 WL 1940249, at *2 (S.D. Ohio Apr. 25, 2018) (dismissing for failure to state a claim without prejudice to plaintiff's right to seek relief through petition for writ of habeas corpus, or if his conviction is later invalidated, and without prejudice to pursue state law claims in state court), R&R adopted at 2018 WL 2943234 (S.D. Ohio June 12, 2018).

*Howard* suggests that when a trial court recommends dismissal for lack of subject matter jurisdiction (whether or not under the screening statute), dismissal should be "without prejudice." *Id.* at *3, citing *Carmichael v. City of Cleveland*, 571 Fed. Appx. 426, 437 (6th Cir. 2014); *accord Cardish v. U.S. Immigration*, Case No. 1:21-cv-649, 2022 WL 2965290, at *4 (S.D. Ohio July 27, 2022) (declining to determine whether screening for subject matter jurisdiction falls under § 1915(e)(2), modifying R&R to dismiss without prejudice after concluding that such dismissal is "not a determination on the merits."); *Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 2662955, at *3 (S.D. Ohio July 11, 2022) (modifying R&R to dismiss without prejudice after noting that only "rare circumstances" permit dismissal with prejudice for lack of subject matter jurisdiction). But more recently in *Bardes v. Bush,* Case No. 1:22-cv-290, 2023 WL 2364664, at *9 (S.D. Ohio March 6, 2023),[5] Judge Cole held that a dismissal with prejudice is appropriate when the lack of subject matter jurisdiction flows from a finding that the complaint is legally and factually frivolous.

> "Dismissal for lack of subject matter jurisdiction ordinarily is without prejudice, since by definition this Court lacks power to reach the merits of Plaintiff's claims." *Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 2662955, at *3

---

[5]Bardes appealed Judge Cole's decision on April 3, 2023; that appeal remains pending before the U.S. Court of Appeals for the Sixth Circuit.

(S.D. Ohio July 11, 2022), *report and recommendation adopted*, No. 1:22-CV-354, 2022 WL 4007609 (S.D. Ohio Sept. 2, 2022) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)). Yet the Court previously suggested it would dismiss Bardes's Complaint for lack of subject-matter jurisdiction *with* prejudice. How? "While normally dismissal for lack of subject matter jurisdiction is without prejudice, dismissal with prejudice is appropriate ... [when the] Complaint is frivolous." *See Jones v. United States*, No. 2:20-cv-2331, 2021 WL 981298, at *3 (W.D. Tenn. Mar. 16, 2021) (citing *Meitzner v. Young*, No. 16-1479, 2016 WL 11588383, at *1 (6th Cir. Oct. 25, 2016); *Ernst*, 427 F.3d at 367). Because Bardes's Complaint is both legally and factually frivolous, the Court can dismiss with prejudice even though it lacks subject-matter jurisdiction.

*Id.*, 2023 WL 2364664, at *9. *Bardes* was decided under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) rather than the screening statute.[6] *See* 28 U.S.C. § 1915(e)(2)(B). But the Sixth Circuit has applied the same legal "frivolousness" standard to dismissals for lack of subject matter jurisdiction under both § 1915(e)(2)(B) and *Apple v. Glenn*. *See Bardes*, 2023 WL 2364664, at *4 n.2 (S.D. Ohio 2023) ("the Sixth Circuit has applied *Neitzke*'s formulation of frivolousness in the *Apple v. Glenn* context numerous times.").

Under *Bardes*, Plaintiff's claims should be dismissed with prejudice as legally frivolous under § 1915(e)(2)(B) and *Neitzke* standards because both Defendants are absolutely immune from suit, and the complaint fails to state any plausible claim. Even though *Bardes* is still on appeal and reasonable jurists could disagree whether dismissal for lack of subject matter jurisdiction should be without prejudice even when the case is otherwise legally frivolous under § 1915(e)(2)(B), the undersigned agrees with the holding in *Bardes* and will recommend that the matter be dismissed with prejudice.

---

[6] In *Apple v. Glenn*, the Sixth Circuit held that a district court may "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*, 183 F.3d at 479.

**IV. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED THAT** all claims contained in Plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and/or for lack of subject matter jurisdiction.

       _s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEBORAH LEWIS,
The Estate of Cawlena English
on behalf of Cawlena English,

      Case No. 1:23-cv-340

      Plaintiff,

      Hopkins, J.
      Bowman, M.J.

    v.

JUDGE RALPH E. WINKLER,
Hamilton County Probate Division, et al.,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).